UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EUGENE SIMPSON, | ) | |
|        Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:05-CV-175-TS |
| ED BUSS, | ) | |
|        Respondent. | ) | |

**OPINION AND ORDER**

     Petitioner Eugene Simpson, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. On October 26, 2004, a South Bend Work Release Facility official requested that Mr. Simpson produce a urine sample to be tested for drug use. The sample came back positive for use of cocaine, and a conduct report was written against Mr. Simpson for possession or use of an unauthorized drug. Prison officials transferred Mr. Simpson to the Westville Correctional Facility where, on November 11, 2004, a disciplinary board found him guilty, sanctioned him with a loss of ninety days of earned credit time, and demoted him from Credit Class I to Credit Class II. Mr. Simpson unsuccessfully appealed to the facility superintendent and the final reviewing authority.

     In ground one of his petition, Mr. Simpson asserts that transferring him from the South Bend Work Release Facility to the Westville Correctional Facility before his disciplinary hearing violated his due process rights because he "was unable to cross examine or confront the report write." (Pet. 3.) Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when

consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

While prisoners have the right to call exculpatory witnesses, they do not have the right to confront or cross-examine their accusers. *Wolff v. McDonnell*, 418 U.S. at 567. Accordingly, that the disciplinary board would not let Mr. Simpson confront and cross-examine the staff members who conducted the urine test and wrote the conduct report does not violate the Due Process Clause.

In ground five of his petition, Mr. Simpson asserts that transferring him to the Westville Correctional Facility before the disciplinary hearing violated the Adult Disciplinary Policy and deprived him of due process. Claims that prison officials violated departmental policy in depriving prisoners of earned credit time are not cognizable in § 2254 actions. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). The Fourteenth Amendment does not require due process before prison officials may transfer a prisoner from one facility to another, *Meachum v. Fano*, 427 U.S. 215 (1976); *Montayne v. Haymes*, 427 U.S. 236 (1976), and the Due Process Clause does not require that a disciplinary hearing be held at the same facility as the offense occurred.

In grounds two, three, and four of his petition, Mr. Simpson asserts that prison officials did not follow the steps necessary to ensure a proper chain of custody and did not give him a copy of the chain-of-custody document to use at the hearing. Pursuant to *Wolff v. McDonnell*, prisoners have a right to present evidence on their own behalf. But that prisoners may present evidence does not mean that they must have physical possession of the evidence; it is sufficient that the disciplinary board reviewed the chain of custody and determined it to be adequate. In his petition, Mr. Simpson states that the board told him the "'Chain of Custody' was intact." (Pet. 4.)

Once the petitioner has received the procedural protections set forth in *Wolff v. McDonnell*, this court's review is limited to whether there is "some evidence" to support the CAB's findings. *Superintendent v. Hill*, 472 U.S. at 454-55; *Hamilton v. O'Leary*, 976 F.2d 341, 344-45 (7th Cir. 1992). The disciplinary board provided Mr. Simpson with the *Wolff* procedural protections and determined that the chain of custody for Mr. Simpson's urine sample was adequate. There is no basis before the court to conclude that the chain of custody was improper, and the positive test result provides sufficient evidence to support the CAB's finding.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on January 13, 2006.

 /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT